THE STATE for use of, etc. *v.* W. M. HARKREADER.

CLERK. *Commissions.* Where motion was made by the district attorney against a revenue collector as a defaulter to the State, and afterwards he paid the amount of his defalcation to the comptroller, the clerk of the circuit court is not entitled to commissions on same. Code construed, sections 740, 739, 731 and 732.

FROM WILSON.

Appeal in error from the Circuit Court of Wilson county. ROBERT CANTRELL, J.

R. P. MCCLAIN for Harkreader.

B. J. TARVER for Stratton.

State *v.* Harkreader.

FREEMAN, J., delivered the opinion of the court.

Harkreader was revenue collector of Wilson county for the years 1870 and 1871. As such he became defaulter to the State in the sum of about $3,700, which was duly certified as required by law to the district attorney, whereupon a motion was made against him and his sureties for judgment on his bond. The case stood some little time on the docket, when Harkreader paid the entire amount of his defalcation to the Comptroller, and obtained his receipt therefor. The State then abandoned the case, but the clerk of the circuit court insisted that he was the only party who could receive the amount due the State, and as the Comptroller, on this theory, had received it wrongfully, he was entitled to the commissions allowed by law, as of a collection of that sum, and so the circuit judge held, and gave judgment in favor of the clerk for said commissions.

The case has been submitted to the Referees, who report in favor of a reversal of the judgment, to which exceptions are filed by Stratton.

The report is undoubtedly correct. It is true chapter 9, section 740, provides: "The clerk of the circuit court alone shall for his county receive moneys due the State from delinquent revenue collectors," But all the preceding sections show that the moneys spoken of here are the result of the motion for which the chapter provides. The section immediately before the one cited provides: "No district attorney, either before or after suit brought or judgment rendered, shall receive any money due the State."

The object of the statute was to provide that no other officer of the county should receive such revenue, nor the district attorney, but* the same should be received by a bonded public officer pointed out by law, when recovered in the manner prescribed by the statute, that is, on motion based on the Comptroller's statement, provided for by sections 731* and 732, as the basis for such motion. It would be following the letter, but to disregard the spirit and clear intent of the statute, to construe it to mean that the State could not receive the money due it by its authorized financial officer, or if it did, the clerk should get the commissions for doing that which he had not done, that is, receiving and paying over the money to the Comptroller.

This is too clear for argument, and the report of the Referees is approved, the judgment of the circuit court reversed and motion dismissed, with all costs against him of the court below, after payment to Comptroller, and costs of this court.